### TROUP et al. v. COX.
#### No. 10286.

Circuit Court of Appeals, Fifth Circuit.

Jan. 22, 1943.

Francis G. Boswell, of Washington, D. C., and Dunbar H. Johnson, Jr., of Miami, Fla., for appellants.

Wm. S. Hodges, of Washington, D. C., and Roscoe Brunstetter, of Miami, Fla., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

Charles A. Cox sued Elmo K. Troup and others for infringing patent No. 2,187,302 for a rock plow. The defenses pleaded were that in view of the prior art there was no patentable novelty, anticipation by other patents, and no infringement. The decree sustained the patent, adjudged infringement and directed an accounting.

There is not much in the testimony about the prior art, or the conception of this patent. We do not think either of the two patents in the printed record, No. 1,093,104 to Boyd for a road scarifier, No. 3,081,192 to Allin for a rock blade, or that to Dale, not printed, is an anticipation of Cox or enough like Cox in use or operation to negative novelty in the machine of Cox. Boyd's machine, which is most relied on, is what it is named, a road scarifier, is drawn and not pushed by a tractor as is Cox's, has no mold board to guide the loosened soil or rock to the sides to be crushed by the tractor, is not adapted to plowing up rock at all. There is not enough shown to overcome the presumption of patentable novelty that attaches to the issue of the patent. Utility is not denied, and is practically confessed by imitation.

We uphold the finding that there was imitation amounting to infringement as to rock plows made by Troup like the one photographed. Without describing the construction in detail we think it was in form and operation substantially like Cox's patent. The main differences insisted on are that the ribs under the bed of the Troup machines are not of the same length and do not operate as "runners" as the patent states, and that Troup has improved operation by cutting away a part of the scraping blade ahead of the plow teeth. We think the ribs under the Troup machine act in the same way as those shown in the patent, though somewhat different in form; and that the modification of the scraping blade is not such as to escape infringement. If Troup has made any machines which entirely omit the mold boards of Cox "each including a scraper blade for action on the soil" and which have no mechanical equivalent for it, such machines would not infringe the combination of Cox. In the photograph of the infringing machine we think the lower edge of the mold board, with the supporting steel strip, acts as a scraper blade included in the mold board.

The decree is affirmed.